```
          IN THE UNITED STATES DISTRICT COURT

              FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :
                               :
            Plaintiff,         :
                               :
      v.                       :   Criminal Action No. 04-126-JJF
                               :
ROMAN SOLANO-MARRERO,          :   Civil Action No. 05-723-JJF
                               :
            Defendant.         :
                               :
```

Colm F. Connolly, Esquire, United States Attorney, and Edmond Falgowski, Esquire, Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware. Attorney for Plaintiff.

Roman Solano-Marrero, Pro Se Defendant.

---

**MEMORANDUM OPINION**

March 9, 2006
Wilmington, Delaware

*Joseph J. Farnan Jr.*
**Farnan, District Judge.**

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I. 24) filed by Defendant, Roman Solano-Marrero. For the reasons set forth below, Defendant's Section 2255 Motion will be denied.

**BACKGROUND**

On February 10, 2005, Defendant pled guilty to a one count Indictment charging a violation of 8 U.S.C. § 1326. Specifically, the Indictment charged that Defendant, an alien and subject of the Dominican Republic, who was deported on or about November 13, 2002, was found in the United States on or about November 1, 2004, and that neither the Attorney General of the United States nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security consented to his readmission into the United States.

Defendant executed a Memorandum of Plea Agreement which expressly acknowledged his understanding that the Court would consult both the United States Sentencing Guidelines ("U.S.S.G."), as well as the factors set forth in 18 U.S.C. § 3553(a), in determining the sentence to be imposed. The Presentence Report prepared for Defendant calculated his base offense level to be 8 and his criminal history to be a category III. The Presentence Report also recommended a 16 level upward

2

adjustment under U.S.S.G. § 2L1.2(b)(1)(A), because Defendant was originally deported after being convicted of two separate drug trafficking offenses, both of which resulted in terms of incarceration exceeding 13 months. As a result, the Presentence Report placed Defendant's sentence in a guideline range of 45 to 57 months imprisonment.

Defendant was sentenced on June 14, 2005. His attorney explained to the Court that he reviewed the Presentence Report with Defendant and advised the Court that there were no objections. However, Defendant's counsel pointed out that the Sentencing Guidelines were advisory and asked the Court to impose a "significantly lower" sentence. The Court sentenced Defendant to 57 months imprisonment, followed by two years of supervised release and a special assessment of $100.00.

By his Section 2255 Motion, Defendant contends that his counsel was constitutionally ineffective for (a) failing to object to object to the 16 level sentencing enhancement he received under U.S.S.G. § 2L1.2(b)(1)(A), because that enhancement violated his Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), United States v. Booker, 543 U.S. 220 (2005) and Shepard v. United States, 125 S. Ct. 1254 (2005), and (b) failing to file a notice of appeal of his sentence.

The Government has filed an Answer To Defendant's Motion

Under 28 U.S.C. § 2255 (D.I. 29) arguing that his sentence is constitutional and counsel was not ineffective for failing to raise this argument. However, the Government concedes that, if Defendant's Motion establishes that he made a timely demand on his attorney to file an appeal, and an appeal was not filed, an evidentiary hearing is required as to this claim.

## DISCUSSION

### I. Whether An Evidentiary Hearing Is Necessary To Resolve Defendant's Claims

As a threshold matter, the Court should consider whether an evidentiary hearing is required in this case pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings. After a review of the Motion, Answer Brief, and records submitted by the parties, the Court finds that an evidentiary hearing is required on Defendant's claim that he requested his attorney to file an appeal, but his attorney did not do so. See Rule 8(a) of the Rules Governing Section 2255 Proceedings. Petitioner states that "Counsel was ordered by movant to file a notice of appeal to challenge the 16-level enhancement of 2L1.2(b)(1)(A)." (D.I. 24 at 6.) The Government contends that Defendant fails to assert that he made this request within the ten-day jurisdictional limit required by Rule 4(b)(1) of the Federal Rules of Appellate Procedure. In the Court's view, however, Defendant's allegation that he requested an appeal and one was not filed is sufficient to trigger an evidentiary hearing on this claim.

4

As for Defendant's remaining claim, the Court concludes that an evidentiary hearing is not required, and the Court can fully evaluate the issues presented by Defendant on the record before it. Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989) (holding that evidentiary hearing not required where motion and record conclusively show movant is not entitled to relief and that decision to order hearing is committed to sound discretion of district court), appeal after remand, 904 F.2d 694 (3d Cir. 1990), cert denied, 111 S. Ct. 2262 (1991); Soto v. United States, 369 F. Supp. 232, 241-42 (E.D. Pa. 1973), (holding that crucial inquiry in determining whether to hold a hearing is whether additional facts are required for fair adjudication), aff'd, 504 F.2d 1339. Accordingly, the Court will reserve decision on Defendant's claim of ineffective assistance of counsel based on counsel's alleged failure to file a notice of appeal, and will proceed to resolve the remaining claim asserted by Defendant.

**II.  Whether Counsel Provided Ineffective Assistance By Failing To Object To Defendant's 16 Level Sentencing Enhancement Under U.S.S.G. 2L1.2(b)(1)(A) On The Grounds That The Enhancement Violated Defendant's Rights Under The Sixth Amendment**

Defendant contends that his counsel was constitutionally ineffective for failing to object to his sentencing enhancement. Specifically, Defendant contends that his counsel should have objected, because the sentencing enhancement violated his Sixth

5

Amendment rights as set forth in the Supreme Court's decisions in Apprendi, Booker and Shepard.

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-part test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, reh'q denied, 467 U.S. 1267 (1984). The first prong of the Strickland test requires a defendant to show that his or her counsel's errors were so egregious as to fall below an "objective standard of reasonableness." Id. at 687-88. In determining whether counsel's representation was objectively reasonable, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Under the second prong of Strickland, the defendant must demonstrate that he or she was actually prejudiced by counsel's errors. Strickland, 466 U.S. at 692-94; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992), cert. denied, 507 U.S. 954 (1993). To establish prejudice, the defendant must also show that counsel's errors rendered the proceeding fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Thus, a purely outcome determinative perspective is inappropriate. Id.; Flamer v. State, 68 F.3d 710, 729 (3d Cir. 1995), cert. denied, 516 U.S. 1088 (1996).

Defendant contends that his 16 level sentencing enhancement violated his rights, because his prior convictions were not

6

proven beyond a reasonable doubt, and his counsel should have raised this objection to the Court during sentencing. In <u>Apprendi</u>, the Supreme Court held that "any fact <u>(other than prior conviction)</u> which increase the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 530 U.S. at 476 (emphasis added). In <u>Booker</u>, the Supreme Court concluded that the United States Sentencing Guidelines were advisory, but reaffirmed the holding in <u>Apprendi</u>. In this case, the 16 level enhancement resulted from Defendant's prior convictions, and such prior convictions are not required to be proven beyond a reasonable doubt under <u>Apprendi</u> and <u>Booker</u>.

Defendant also relies on the Supreme Court's decision in <u>Shepard</u>. In <u>Shepard</u>, the sentencing court was required to determine whether a defendant's guilty plea to burglary defined by a nongeneric statute necessarily meant that he also admitted elements of the generic offense. The Court explained that when a prior conviction is used to increase a sentence, the sentencing court must use a "categorical approach" to determine whether the prior conviction qualifies under the scheme. Stated another way, the sentencing court may only look at the fact of conviction and the elements of the offense. In this regard, the Supreme Court concluded that allegations in police reports made prior to the lodging of any charges against the defendant were insufficient to

establish that the crime defendant pled guilty to qualified for a sentencing enhancement. Instead, the Supreme Court held that the determination of "whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information." 125 S. Ct. at 1263.

In this case, Defendants convictions were listed in the Presentence Report, and neither Defendant nor his lawyer lodged any objections to the Presentence Report. Indeed, Defendant's attorney confirmed the convictions and the fact that Defendant served more than 13 months imprisonment on the charges, and Defendant did not contest his criminal history or his prior convictions.[1] (Tr. 8-9). Further, both convictions were clearly pled in the indictment. See United States v. Dominquez-Benavides, 153 Fed. Appx. 151, 152 (4th Cir. 2005) (concluding that defendant's Sixth Amendment rights were not violated when sentencing court assessed 16 level enhancement based on convictions set forth in presentence report where conviction was

---

[1] See United States v. Cullen, 432 F.3d 903, 905 (8th Cir. 2006) (holding that sentencing court may rely on facts contained in presentence report that were not objected to by defendant or his counsel).

8

clearly pled in the indictment and defendant did not contest the conviction); United States v. Otero, 2005 WL 1677895 (M.D. Pa. Jul. 18, 2005) (concluding that defendant's Sixth Amendment rights were not violated and court did not rely on document precluded by Shepard when court based enhancement under U.S.S.G. § 2L1.2 on conviction in presentence report and defendant did not object to the sentencing range in the report).

Moreover, in Almendarez-Torres v. United States, 523 U.S. 224, 243 (1998), the Supreme Court concluded that prior convictions which serve to increase the statutory maximum for an offense are not elements of the offense, and therefore, may be established by the sentencing judge by a preponderance of the evidence. The Third Circuit has recently held that Almendarez Torres remains good law despite any tensions between that decision and the Supreme Court's pronouncements in Shepard, Blakely and Booker. United States v. Francisco, 2006 WL 167434, *3 (3d Cir. Jan. 24, 2006).

In sum, the Court concludes that Defendant cannot establish that his sentencing enhancement violated his Sixth Amendment rights. Because any objection raised by counsel regarding this argument would have been meritless, the Court cannot conclude that counsel's failure to object fell outside the scope of reasonable professional assistance, or that Defendant was prejudiced by counsel's performance within the meaning of

Strickland. Accordingly, the Court will deny Defendant's argument that counsel was constitutionally ineffective for failing to object to the 16 level sentencing enhancement.

### III. Whether A Certificate of Appealability Should Issue

The Court may issue a certificate of appealability only if Defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, the Court has concluded that Defendant is not entitled to relief on his claim that his counsel was ineffective for failing to object to the sentencing enhancement, and the Court is not convinced that reasonable jurists would debate otherwise. Because Defendant has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability for Defendant's claim.

### CONCLUSION

For the reasons discussed, the Court will order an evidentiary hearing on Defendant's claim that his counsel was constitutionally ineffective for failing to file a direct appeal. As for Defendant's remaining claim that his counsel provided ineffective assistance by failing to object on the grounds that the 16 level sentencing enhancement violated his Sixth Amendment rights, the Court concludes that Defendant is not entitled to relief.

An appropriate Order will be entered.