IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 04-126-JJF |
| | : | |
| ROMAN SOLANO-MARRERO, | : | Civil Action No. 05-723-JJF |
| | : | |
| Defendant. | : | |
| | : | |

Colm F. Connolly, Esquire, United States Attorney, and Edmond
Falgowski, Esquire, Assistant United States Attorney, of the
OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.
Attorney for Plaintiff.

Thomas Dreyer, Esquire of THOMAS DREYER, ESQ., Chadds Ford,
Pennsylvania.
Attorney for Defendant.

**MEMORANDUM OPINION**

July 13, 2006
Wilmington, Delaware


FILED
JUN 1 3 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Farnan, District Judge.

Pending before the Court is the remaining claim for ineffective assistance of counsel filed by Defendant, Roman Solano-Marrero in his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (D.I. 24). For the reasons set forth below, the Court will grant Defendant's request for relief on his remaining claim. Defendant shall be granted leave to file and serve his notice of appeal within twenty (20) days.

## BACKGROUND

The factual background relevant to this action is set forth fully in the Court's Memorandum Opinion dated March 9, 2006. By the Court's Memorandum Opinion (D.I. 32) and Order (D.I. 33), the Court denied Defendant's claims that his counsel was ineffective for failing to object to Defendant's 16 level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) on the grounds that the enhancement violated Defendant's rights under the Sixth Amendment. The Court scheduled an evidentiary hearing for April 20, 2006, on Defendant's remaining claim that counsel was ineffective for failing to file his direct appeal.

Shortly thereafter, Defendant requested the appointment of counsel for the evidentiary hearing, and the Court granted Defendant's request. The evidentiary hearing was then rescheduled for June 1, 2006.

2

At the June 1 evidentiary hearing, Defendant's counsel presented the testimony of Defendant and his wife, Myra Aponte Rivera. Defendant's wife testified that Mr. Witherell was a privately retained attorney that she paid to represent Defendant in connection with the charges. Tr. of 6/1/06 Hearing ("Tr.") 18:7-11. Defendant testified that he asked Mr. Witherell to file an appeal for him after the sentencing, but Mr. Witherell did not want to take that action because he did not believe Defendant would be given a period of lesser incarceration. Tr. 5:10-13. According to Defendant, he then spoke to another inmate at the Federal Detention Center who urged him to file an appeal. Defendant testified that he asked another inmate to write a letter for him asking Mr. Witherell to file an appeal. Defendant contends that this letter was mailed to Mr. Witherell by the prison, but that he received no response. Tr. 5:19-7:21. Defendant introduced this letter into evidence. The letter is dated June 15, 2005, and the date on the letter is underlined several times. Hearing Ex. D-1.

Ms. Aponte Rivera also testified that she asked Mr. Witherell, in the hallway after Defendant's sentencing, to file an appeal on his behalf. Tr. 17:21-18:6. Ms. Aponte Rivera testified that she went to Mr. Witherell's office a day after the sentencing and left a message with him to contact her. Ms. Aponte Rivera also testified that she called his office three or

four times to inquire about an appeal, but that she could not reach him. Tr. 18:19-20:4. According to Ms. Aponte Rivera, she and Defendant had discussed prior to his sentencing that they would file an appeal if the sentencing did not go as well as he had hoped. Tr. 21:15-20.

In response to Defendant's witnesses, the Government presented the testimony of Mr. Witherell. Mr. Witherell had no specific recollection of meeting with Defendant prior to sentencing, but testified that Defendant did not discuss or raise an interest in filing an appeal at that time. Tr. 26:3-27:27:1.

Mr. Witherell also testified that he could not specifically recall whether he met with Defendant after sentencing in the "lock-up." However, he testified that he "generally" made it a point to speak with his clients after sentencing. Tr. 27:7-20. Mr. Witherell also testified that he did "not recall there ever being a request of me made downstairs to file an appeal." Tr. 28:15-16. Mr. Witherell testified that he did not believe that Defendant requested an appeal, but that if Defendant asked him to file an appeal, he believes he would have filed one. Tr. 28:17-22.

Mr. Witherell also testified that he believed he met with Defendant's wife after the sentencing. He testified that she was concerned about her husband and that "everybody . . . was a little astonished" at the sentence Defendant received. Tr. 31:4-

4

32:23. Mr. Witherell could not testify specifically as to whether he received any telephone messages from Defendant's wife, but that "she would communicate with the office quite frequently as she was very concerned about him." Tr. 32:24-33:10. However, Mr. Witherell testified that he did not "recall anybody ever requesting an appeal in this particular matter." Tr. 33:17-18. Mr. Witherell also testified that he never received the June 15 letter that Defendant contends he mailed. Tr. 29:9-19. During his testimony, Mr. Witherell did not refer to any case files or notes, and no case files or notes maintained by Mr. Witherell have been provided to the Court by the Government since the hearing.

In addition to the testimony of Mr. Witherell, the Government introduced into evidence a letter sent by Defendant to the Court dated April 13, 2006. (D.I. 43). In that letter, Defendant wrote that "[b]ecause my attorney did not explain how the appeal process works, I never attempted to appeal." (D.I. 43 at 1).

## DISCUSSION

**I.  Legal Standard For A Claim Of Ineffective Assistance Of Counsel Based On The Failure To File A Direct Appeal**

To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's representation fell below objective standards of reasonableness, and (2) counsel's deficient performance prejudiced Defendant. Strickland v.

5

Washington, 466 U.S. 668, 688 (1984). Where ineffective assistance of counsel is alleged based on the failure of counsel to file a direct appeal, the United States Supreme Court has held that "a lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodrequez v. United States, 395 U.S. 327 (1969)). In these circumstances, prejudice is presumed. Solis v. United States, 252 F.3d 289, 293-294 (3d Cir. 2001).

In those cases in which the defendant has not clearly conveyed his wishes concerning an appeal, the Supreme Court requires the Court to engage in a two part inquiry. First, the Court must consider whether counsel had a constitutionally imposed duty to consult with the defendant about an appeal. Flores-Ortega, 528 U.S. at 478-480. Counsel has such a duty when (1) "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for an appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. In making this determination, the Court must consider the totality of the circumstances. Id. While a defendant's decision to plead guilty to the charges against him may indicate that the defendant seeks an end to the judicial proceedings, the Court must also consider other factors, including but not limited to, whether the

defendant received the sentence he bargained for as part of the plea and whether the plea agreement expressly reserved or waived some or all of his appeal rights. Id.

If counsel had a duty to consult with his client regarding an appeal and failed to do so, the defendant must next demonstrate "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. To demonstrate prejudice in this manner, the defendant need not specify the points he would raise if his right to appeal were reinstated. Rather, the defendant must only show that, but for counsel's deficient performance he would have appealed. Id. at 486.

## II. Whether Defendant's Trial Counsel Was Constitutionally Ineffective For Failing To File A Direct Appeal

Reviewing the testimonial and documentary evidence submitted by the parties at the evidentiary hearing in this case, the Court concludes that Defendant has established by a preponderance of the evidence that he specifically requested his attorney to file an appeal on his behalf. Defendant did not waiver in his testimony that he did not wish to seek an appeal while he remained in the courtroom, but expressed his desire to file an appeal once he spoke with his attorney in the lock-up. Defendant testified that he asked his attorney to file an appeal, but that his counsel declined to do so stating "'Mr. Solano-Marrero, I can't file an appeal, because they're not going to give you less

time.'" Tr. at 5:10-14. In the Court's view, Mr. Witherell's testimony on this issue was unsure. Mr. Witherell did not recall whether he specifically spoke to Defendant in the lock-up, and Mr. Witherell had no notes or memos to Defendant's case file contradicting Defendant's testimony. Tr. 27:7-20.

The Government contends that Defendant's letter (D.I. 43) to the Court demonstrates that he never asked counsel to file an appeal. In the Court's view, however, the letter states the obvious, that Defendant himself "never attempted to appeal." (D.I. 43). Defendant's letter to the Court does not explain his conversations with his attorney and does not negate Defendant's assertion that he requested his attorney to file an appeal on his behalf after sentencing. Indeed, in explaining the circumstances regarding this letter on cross-examination, Defendant reiterated that he asked counsel to file an appeal explaining:

> Government: So when you left the courthouse that day, the day of sentencing, you had decided you were not going to appeal?
>
> Defendant: Right here in front of the judge, yes. But when I got downstairs, then I decided to appeal.
>
> Right here, but then I changed my mind downstairs.

Tr. 11:1-4. As the Court understands Defendant's testimony, Defendant did not initially wish to file an appeal when the Court advised him of his rights, but Defendant changed his mind when he went downstairs. However, Defendant was dissuaded from pursuing this course of action by Mr. Witherell's comments, until he

8

arrived at the Federal Detention Center where he was urged by other inmates to again request an appeal. At that point, Defendant garnered the assistance of another inmate to write the June 15 letter to Mr. Witherell on his behalf in order to document his request for an appeal. The Government contends that Defendant's June 15 letter is not genuine; however, the Court makes no findings regarding the reliability of this letter, because the Court's decision does not rest on the letter. Rather, the Court's decision is based on the discussion that Defendant had with Mr. Witherell in the lock-up. The Court finds Defendant's testimony concerning this discussion to be credible, and his testimony is unrebutted by Mr. Witherell, who could not specifically recall whether such a meeting took place and had no notes or documentary evidence demonstrating otherwise. Because his client expressly requested an appeal at that juncture, counsel was obligated to file it without regard to whether he believed the appeal had any merit. United States v. Edwards, 297 F. Supp. 2d 814, 817 (E.D. Pa. 2003) ("The decision to file an appeal is the petitioner's and counsel must complete this 'purely ministerial task' even if he disagrees with his client's decision.") (citing Anders v. California, 386 U.S. 738, 744 (1967)). In these circumstances, the Court presumes that Defendant was prejudiced. Accordingly, the Court concludes that Defendant has established that his counsel should have filed a

direct appeal in accordance with Defendant's request.

In the alternative, however, the Court concludes that even if Defendant's request for an appeal in the lock-up can be considered unclear, Defendant has established his right to an appeal based on the criteria set forth by the Supreme Court in <u>Flores-Ortega</u>. As a threshold matter, the Court concludes that Defendant's counsel had an obligation to advise Defendant of his right to an appeal. Although the Court advised Defendant of this right, the Court did not specify the time limits for such a filing. (D.I. 28 at 15-16). In addition, the evidence introduced at the hearing by both Defendant and the Government persuades the Court that a reasonable defendant in these circumstances would have wanted an appeal. Although Defendant pled guilty, the testimony of Defendant, his wife and Mr. Witherell was that the Court's sentence exceeded what Defendant expected as a result of his guilty plea. Tr. 5:6-9, 21:9-11, 31:14-17; 32:16-23, 34:17-21. In the words of Mr. Witherell, "everybody, including myself, was a little astonished." Tr. 32:21-23. Defendant was sentenced to the high end of the 46 to 57 month guideline range that he faced. Given the totality of these circumstances, the Court concludes that Defendant's counsel should have conferred with his client, expanded on the Court's instructions, and explained to Defendant the advantages and disadvantages of filing an appeal.

Next, the Court must next consider whether Defendant has established prejudice. In the Court's view, the evidence in this case demonstrates that had Defendant been advised of his rights by his attorney he would have filed an appeal. Indeed, Defendant's letter to the Court says as much, "because my attorney did not explain how the appeal process works, I never attempted to appeal." (D.I. 43 at 1). The Court's finding is also consistent with the uncontradicted testimony of Defendant's wife. According to Defendant's wife, she requested an appeal to be filed on his behalf, and she repeatedly attempted to contact Mr. Witherell about her husband's appeal. Mr. Witherell cannot say with any certainty whether he received any messages from Defendant's wife; however, Mr. Witherell acknowledged that she was very concerned about him and may have indeed tried to contact him. Tr. 31:18-21, 33:1-10. In these circumstances, the Court is persuaded that Defendant would have filed a timely appeal, and therefore, the Court concludes that Defendant has demonstrated within the principles of Strickland and Flores-Ortega that he should be granted time to file an appeal. Accordingly, the Court will grant that part of Defendant's Section 2255 Motion that requests relief to file a direct appeal and provide Defendant with "the opportunity nunc pro tunc to brief his direct appeal in full." Solis, 252 F.3d at 295.

## CONCLUSION

For the reasons discussed, the Court will grant Defendant's Section 2255 Motion as it pertains to his claim of ineffective assistance of counsel for failure to file a direct appeal. Petitioner will be granted leave to file and serve a notice of appeal within twenty (20) days of the date of this order.

An appropriate Order will be entered.